NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000807**
**19-SEP-2013**
**08:29 AM**

NO. CAAP-11-0000807

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ILONA K. MILLER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-1934)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Ilona K. Miller (Miller) appeals
from the Judgment of Conviction and Probation Sentence, entered
on October 5, 2011 in the Circuit Court of the First Circuit
(Circuit Court).[1]

Miller was convicted of Promoting a Dangerous Drug in
the Third Degree, in violation of Hawaii Revised Statutes (HRS)
§ 712-1243 (Supp. 2012).

On appeal, Miller claims (1) plain error where the
deputy prosecuting attorney (DPA) made remarks during closing
argument and on rebuttal that constituted prosecutorial
misconduct and (2) there was insufficient evidence to support her
conviction.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to

---

[1] The Honorable Michael D. Wilson presided.

the arguments advanced and the issues raised by the parties, we resolve Miller's points of error as follows:

(1) When the DPA's initial comments are viewed in context, his comments to the jury during closing argument related to the law with respect to possession of any dangerous drug "in any amount." When taken in context, the comments concerned the possibility of jury nullification with respect to the quantity of drugs necessary under the law, in light of the evidence establishing that the baggie possessed by Miller contained only 0.012 grams of methamphetamine. Miller's argument that the DPA admonished the jury that they had a duty to convict Miller is not supported by the record when the comments are viewed in their proper context.

In State v. Hatori, 92 Hawai'i 217, 220, 990 P.2d 115, 118 (App. 1999), a defendant contended that a jury nullification instruction should have been given and objected on appeal to a prosecutor's comment in summation that "after being selected as a juror in this case, all of you swore that you would follow the law." This court stated:

> On balance we are persuaded by the position adhered to by most jurisdictions. Therefore, we conclude that Defendant had no substantial right to an instruction informing the jury of jury nullification or to the deletion of an instruction informing the jurors that they were to follow the law as given them by the court. It follows that the prosecutor's comments did not infringe on any of Defendant's substantive rights. We conclude that plain error was not committed by the court.

Id. at 224, 990 P.2d at 122; see also United States v. Perez, 86 F.3d 735 (7th Cir. 1996) (jury nullification is not a right of the jury or the defendant).

Thus, the DPA's initial comments were not inappropriate when viewed in their proper context. As to the DPA's rebuttal comments, the challenged comments were made after the DPA had, inter alia, discussed the evidence, stated the jury's consideration was to match the evidence to the statute, and had discussed the evidence in light of the reasonable doubt standard.

Given these circumstances, the DPA's remarks in rebuttal were not improper.

(2)    Contrary to Miller's claim, there was sufficient evidence to convict her of Promoting a Dangerous Drug in the Third Degree.

HRS § 712-1243(1) states:

**§712-1243  Promoting a dangerous drug in the third degree.**  (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

"'Dangerous drugs' means any substance or immediate precursor defined or specified as a 'Schedule I substance' or a 'Schedule II substance' by chapter 329, or a substance specified in section 329-18(c)(13), except marijuana or marijuana concentrate." HRS § 712-1240 (Supp. 2011).  Methamphetamine is listed in Schedule II under HRS § 329-16(e)(2) (2010).

When the evidence adduced at trial is viewed in the strongest light for the prosecution, there was substantial evidence to support Miller's conviction on the grounds that she possessed methamphetamine found in the pocket of her shorts. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).  Officer Gaynor Minton (Officer Minton) testified that she searched Miller's shorts and emptied Miller's pockets.  Among the items that were pulled out of Miller's pocket, and which fell to the ground, was a baggie containing a crystalized substance. Officer Minton testified that Miller then responded "Please, please, it's rubbish[,]" with a demeanor that was "sort of begging for me to possibly throw it away or ignore it."  Testing of the substance inside the baggie showed it to be methamphetamine.

[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, "[w]e have consistently held that . . . proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the [defendant's conduct] is sufficient. . . .  Thus, the mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."

State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Mitsuda, 86 Hawai'i 37, 44, 947 P.2d 349, 356 (1997)).  It could reasonably be inferred that Miller knowingly possessed methamphetamine stored in a baggie when she told Officer Minton in a begging tone, "Please, please, it's rubbish," in an attempt to have Officer Minton disregard it.

Miller argues that the State's witness, who recovered the baggie containing methamphetamine from Miller, was not credible.  However, credibility is for the trier of fact to determine.  State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999).

THEREFORE,

IT IS HEREBY ORDERED that the Judgment Of Conviction and Probation Sentence, entered on October 5, 2011 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, September 19, 2013.

On the briefs:

Emmanuel V. Tipon,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4